**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **ELBERT WALKER, JR,** : | |
| : | |
| **Petitioner,** : | |
| **VS.** : | **NO. 5:23-CV-00399-MTT-CHW** |
| : | |
| **ASHELY THOMPSON,** : | |
| : | |
| **Respondent.** : | |
| _____ : | |

**ORDER**

In accordance with the Court's previous orders and instructions, *pro se* Petitioner Elbert Walker, Jr., a federal prisoner who is currently confined in a residential reentry center in Macon, Georgia, has recast his Petition on the Court's standard 28 U.S.C. § 2241 form (ECF No. 6).[1]   The basis for Petitioner's § 2241 claims is not entirely clear from the Recast Petition, but may be construed to claim that Petitioner's home confinement was revoked and that he was confined to the residential reentry center as the result of disciplinary proceedings brought against him.   Recast Pet. 2, ECF No. 6.   Petitioner contends that even though he

---

[1] Petitioner also paid a $5.00 filing fee when he submitted his Recast Petition on or about December 1, 2023.   Petitioner, however, also submitted a $5.00 filing fee when he filed this action on or about October 12, 2023.   The Clerk is therefore **DIRECTED** to refund $5.00 to Petitioner.   In addition, "the proper party respondent to a § 2241 habeas corpus petition is the custodian of the prisoner[.]"   *Walther v. Bauknecht*, 155 F. App'x 463, 464 (11th Cir. 2005) (per curiam).   Petitioner has identified Ashely Thompson as the director of the Dismas House, the residential reentry center where Petitioner is confined.   This individual thus appears to be Petitioner's custodian and the correct Respondent.   The Court has therefore corrected the style of this case to name Ashely Thompson as the only Respondent in this action, and the Clerk is **DIRECTED** to correct the docket accordingly.

was found not guilty of the charges brought in the disciplinary proceedings, he has been "kept . . . incarcerated" in the Dismas House "for no reason." *Id.*   Petitioner may thus be attempting to challenge the execution of his sentence, which challenge could possibly be raised under § 2241.  *See, e.g., McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1089 (11th Cir. 2017) ("A motion to vacate [under 28 U.S.C. § 2255] covers only challenges to the validity of a sentence, but the saving clause and a petition for writ of habeas corpus cover challenges to the execution of a sentence."); *see also Barrie v. Warden*, 840 F. App'x 508, 509 (11th Cir. 2021) (per curiam) (affirming district court's denial of federal prisoner's habeas corpus petition filed under § 2241 and challenging result of disciplinary hearing that resulted in loss of good conduct time).  It is accordingly **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner amend his Recast Petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his Recast Petition.   If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his recast and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the Recast Petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.[2]   Either with the

---

[2] The Court may apply these Rules to Petitioner's federal habeas petition even if it is

filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the Recast Petition to be dismissed or shall explain in writing why the Recast Petition cannot be adjudicated by a motion to dismiss.   Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.   Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

A copy of the Recast Petition (ECF No. 6) and a copy of this Order shall be served upon Respondent by the Clerk via U.S. Mail.   A copy of this Order shall also be served by the Clerk by U.S. mail upon Petitioner.   Petitioner must inform the Court immediately and in writing of any change in his mailing address and is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 12th day of December, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

construed as one filed pursuant to 28 U.S.C. § 2241.   *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the U.S. District Courts.